IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEPHEN SCOTT PERIGO, B08636,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-01540-JPG |
| ) | |
| **MADISON COUNTY JAIL,** ) | |
| **SERGEANT RICHERT,** ) | |
| **DEPUTY HARING,** ) | |
| **DEPUTY WALLENDORFF,** ) | |
| **DEPUTY GEGGUS,** ) | |
| **and DEPUTY DECKER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Stephen Perigo, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Graham Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his pretrial detention at Madison County Jail. In the Complaint, Plaintiff claims he was subjected to excessive force when he requested placement on suicide watch at Madison County Jail on September 14, 2021. (Doc. 7, pp. 1-24). He sues the defendants for money damages. (*Id*. at 20).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

The Complaint sets forth the following allegations (Doc. 7, pp. 15-19): Plaintiff became distraught after he was arrested and detained at Madison County Jail on September 14, 2020. (*Id*. at 14). He asked Sergeant Richert to place him on suicide watch. (*Id*. at 15). Plaintiff was instead taken to the shower room and ordered to remove all clothing. When he failed to do so quickly enough, Sergeant Richert sprayed him in the eyes with mace and denied him adequate time to wash the powerful chemical agent from his face. (*Id*.).

Plaintiff was then placed in the female visitor's room with no running water, toilet, or food. (*Id*. at 15-16). When he asked for food at lunchtime, his request was denied. (*Id*. at 16). When he repeatedly asked to use the restroom two hours after his arrival, the deputies ignored or denied his requests. To get their attention, Plaintiff began kicking the glass door. Although he had no intentions of breaking it, the glass door shattered when he kicked it. (*Id*.).

Deputies Haring, Geggus, Wallendorff, and Decker ordered Plaintiff to leave the room. They took him to another room, referred to as the "hole." (*Id*. at 17). Deputy Haring then grabbed Plaintiff's wrist, raised it above his head, and pulled his arm behind his back. He then slammed Plaintiff to the ground. This caused the plaintiff severe pain. While on the ground looking up at the deputies, they sprayed mace in his face "without merit or justification." (*Id*.). Deputy Haring then kicked Plaintiff in the lower back and told Plaintiff that he was being charged with aggravated battery. (*Id*.).

After the deputies left the room, they turned off the water. (*Id*. at 18). The only water available to rinse Plaintiff's face was toilet water. When he asked the deputies to turn on the water, they refused to do so twice. He used toilet water to wash his face, but his eyes continued to burn for another three hours. When he asked to see a nurse about the burning sensation and the exposure

to toilet water, his request was denied. Another twelve hours passed before he was allowed to shower. (*Id.*).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment claim against Sergeant Richert for responding to Plaintiff's request for placement on suicide watch by spraying him directly in the eyes with mace on September 14, 2020.

**Count 2:** Fourteenth Amendment claim against Defendants for placing Plaintiff in the female visitor's room with no running water, toilet, restroom access, or food for two hours on September 14, 2020.

**Count 3:** Fourteenth Amendment claim against Haring, Geggus, Wallendorff, and Decker for using excessive force against Plaintiff by slamming him to the floor, kicking him, spraying him with mace, and denying him clean water to rinse the mace from his face and body while he was in the "hole" on September 14, 2020.

**Count 4:** Fourteenth Amendment claim against Defendants for denying Plaintiff's request to see the nurse about the burning sensation caused by the mace and about his exposure to disease caused by the toilet water he used to wash his face on September 14, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Counts 1 through 4

The Fourteenth Amendment Due Process Clause prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable." *Miranda*, 900 F.3d at 352-54. Plaintiff's allegations suggest that Sergeant Richert knowingly or purposefully responded to an obvious risk of suicide by spraying Plaintiff in the face with mace (Count 1), and Haring, Wallendorff, Geggus, and Decker acted in an objectively unreasonable manner by slamming him to the floor, kicking him in the back, spraying him with mace, and denying him water to rinse the mace from his face while he was in the "hole" (Count 3). Counts 1 and 3 shall receive further review against the defendants named in connection with these claims.

The same cannot be said of Plaintiff's claim of unconstitutional conditions of confinement in Count 2. According to the allegations, Plaintiff was placed in the female visitor's room on suicide watch and denied access to running water, food, and toilets for two hours. These allegations describe a minor inconvenience, not a constitutional deprivation. Moreover, Plaintiff does not attribute the denial of water, food, or toilets to any individual defendants. It is not even clear whether any of them were aware of the short-term deprivations. Count 2 shall be dismissed for failure to state any claim for relief against the defendants.

Count 4 likewise fails to implicate any individual defendants. Plaintiff merely alleges that his request for a nurse was denied. He does not state who denied the request. Here again, the Court cannot determine whether any of the defendants were involved in the decision to deny medical care. Count 4 shall also be dismissed for failure to state a claim against the defendants.

**Madison County Jail**

Madison County Jail shall be dismissed as well. The Jail is not a proper defendant in a § 1983 suit. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even considered a legal entity. A

defendant named in a lawsuit must have legal capacity to be sued.  *See* FED. R. CIV. P. 17(b).  When determining whether an entity has the legal capacity to be sued, federal courts look to state law.  *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. 1992).  The county jail is not considered a suable entity under Illinois law.  *Isaacs v. St. Clair Cnty. Jail*, No. 08-cv-417-DRH, 2009 WL 211158, at \*3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. HCP*, No. 18-cv-2081-JPG, 2019 WL 117986, at \*2 (S.D. Ill. Jan. 7, 2019).  Accordingly, the Jail shall be dismissed with prejudice.

To the extent that Plaintiff intended to sue Madison County, his claim also fails.  A local government body, such as a county, can be held liable under § 1983, if (a) it had an express policy calling for a constitutional violation; (b) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a person with final policymaking authority for the body caused the constitutional violation.  *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).  The allegations do not suggest that the plaintiff's injuries resulted from a policy, custom, or widespread practice attributable to the county.

## Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 9) is **DENIED** without prejudice.  When presented with a request for counsel by an indigent plaintiff, the district court consider, first, whether the plaintiff has made reasonable attempts to find and attorney and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).  Plaintiff has not satisfied either one of the *Pruitt* factors.

Plaintiff indicates that he has made no efforts to find counsel in this case because he is incarcerated and was unable to find an attorney when looking for one in 2016. The Court finds Plaintiff's efforts woefully inadequate. The fact that he is incarcerated does not prevent him from searching for an attorney. He should attempt to contact at least three attorneys or law firms to request representation in this particular case. Plaintiff may use telephone, email, electronic, or written communication to do so. If he files a new motion for recruitment of counsel, he should provide the Court with proof of his efforts, including the names of all attorneys contacted, the dates of each contact, and the response he received.

In the meantime, he has access to the law library once a week, and he may request any extensions of deadlines in this case by filing a written "motion for extension" prior to the given deadline. The Court generally permits reasonable extensions in *pro se* cases.

Until then, this case is factually and legally straightforward. It involves two claims arising under the Fourteenth Amendment. The applicable legal standard for his claim is set forth above. Plaintiff's filings to date demonstrate his ability to prepare and file pleadings in this case, as litigation proceeds. If it becomes too complicated, Plaintiff may renew his request for counsel by filing a new motion that includes proof of his efforts to find counsel on his own before turning to the court for help.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 7) survives screening under 28 U.S.C. § 1915A. **COUNT 1** against **RICHERT** and **COUNT 3** against **HARING, WALLENDORFF, GEGGUS,** and **DECKER** shall receive further review.

**IT IS ORDERD** that **COUNTS 2** and **4** against **ALL DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim. Defendant **MADISON COUNTY JAIL** is also **DISMISSED** with prejudice, and the Clerk's Office is **DIRECTED** to **TERMINATE** the

**MADISON COUNTY JAIL** as a party in CM/ECF.

The Clerk of Court shall prepare for Defendants **RICHERT, HARING, WALLENDORFF, GEGGUS,** and **DECKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 7), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/18/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.